

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| PAUL PARKER,<br><br>                    Plaintiff,<br><br>vs.<br><br>SCHOOL DISTRICT OF GREENVILLE COUNTY,<br><br>                    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:03-1588-HFF-BHH |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I.     INTRODUCTION

This is a Section 1983 First Amendment case, coupled with a state whistleblower claim. The matter is before the Court for review of the report and recommendation (report) of the United States Magistrate Judge in which she suggests that Defendant's Motion for Summary Judgment be granted. The report is made in accordance with 28 U.S.C. § 636 and Local Rule 73.02 for the District of South Carolina.

## II.    MAGISTRATE'S REPORT[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

---

[1] The relevant facts of this matter are clearly set forth in the report and, thus, will not be repeated herein.

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

On March 14, 2005, the Magistrate Judge filed her report. Plaintiff submitted his objections to the report on March 29, 2005. Defendant filed its response to the objections on April 8, 2005. The Court will address Plaintiff's objections below.

**III.    PLAINTIFF'S OBJECTIONS**

*A.    Section 1983 First Amendment claim*

Plaintiff argues that he "engaged in protected activity and was demoted." Objections at 1. Thus, Plaintiff appears to argue, this means that Defendant retaliated against Plaintiff. The Court is unpersuaded.

It is axiomatic that, just because Plaintiff engaged in protected activity and was subsequently demoted, does not, in itself, amount to a cognizable claim. In fact, in reviewing the evidence regarding Plaintiff's First Amendment claim, Court is unable to find any evidence of a violation. As the Magistrate Judge observed, Plaintiff "has failed to show the existence of a casual relationship between his protected expression on matters of public concern and his demotion." Report at 10. Such failure is fatal to his claim.

Simply stated, it is not the province of this Court to decide whether Defendant had a good reason to demote Plaintiff. Moreover, a decision to demote an employee and reduce his pay does not amount to a constitutional violation. Rather, this Court must determine whether Plaintiff has produced competent evidence that Plaintiff's protected speech was a substantial factor in his demotion, or that Defendant's articulated rationale for demoting Plaintiff was merely pretextual. *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 358 (4th Cir. 2000).

In the instant case, Plaintiff has failed to meet his burden. Instead, Plaintiff's objections amount to nothing more than a long series of speculative claims that, even when considered together, fail to create a genuine issue of material fact as to whether Plaintiff's protected speech was a substantial factor in his demotion, or whether the articulated rationale was merely pretextual. Stated differently, in the opinion of this Court, the record is devoid of evidence from which a trier of fact could reasonably find for Plaintiff. Thus, since Plaintiff's conclusory allegations, without more, are

insufficient to defeat Defendant's motion for summary judgment, the motion must be granted as to the First Amendment claim.

    B.    *Whistleblower claim*

In his objections, Plaintiff "asks the Court to deny the defendant's motion for summary judgment as to his First Amendment claim." Objections at 1. Thus, although it is not altogether clear, it appears that Plaintiff does not object to the granting of summary judgment on the state whistleblower claim. Nevertheless, in an abundance of caution, the Court has made a de novo review of the relevant portions of the report and record and finds that summary judgment is proper as to this claim, as well.

As noted by the Magistrate Judge,

> the plaintiff has presented no evidence that the supervisor who recommended his demotion had any knowledge that the plaintiff had made a report of wrongdoing while employed at Lakeview. Hamilton testified that the plaintiff was reassigned due to budgetary constraints, because he did not see a reasonable possibility that the plaintiff would be promoted to a principalship in the future, and in order to adequately place graduates of the Furman Fellows program.

Report at 12 (citation omitted). Thus, since the Court finds that there is no genuine issue of material fact present here, the Court will enter judgment accordingly.

**IV.    CONCLUSION**

Therefore, after a thorough review of the report and the record in this case pursuant to the standards set forth above, the Court hereby overrules Plaintiff's objections, **ADOPTS** the report to the extent that it does not contradict this Order, and incorporates the report herein. Hence, it is the judgment of this Court that Defendant's Motion for Summary Judgment must be **GRANTED**. All remaining motions shall be rendered **MOOT**.

**IT IS SO ORDERED**.

Signed this 13th day of May, 2005, in Spartanburg, South Carolina.

                                            s/ Henry F. Floyd
                                            HENRY F. FLOYD
                                            UNITED STATES DISTRICT JUDGE